The Honorable Don R. House State Representative P.O. Box 505 Walnut Ridge, AR 72476-0505
Dear Representative House:
You have requested an Attorney General opinion concerning tapping and connection fees for a municipal sewer system.
You have asked:
 Does a duly authorized and appointed water and sewer commission have the authority to set tapping and connection fees to the municipal sewer system?
It is my opinion, as explained more fully below, that a water and sewer commission does not have the authority to set tapping and connection fees for the municipal sewer system.
As explained in Attorney General Opinion No. 97-150, a water and sewer commission retains all the powers given by law to water commissions and to sewer commissions. A.C.A. § 14-234-116. Therefore, in order to determine whether a water and sewer commission has the authority to set tapping and connection fees for the municipal sewer system, it is necessary to examine the powers of a sewer commission, and to determine whether a sewer commission has such authority. Although sewer commissions are given broad authority to operate, manage, and control municipal sewer systems, see A.C.A. § 14-235-207, the legislature nevertheless specifically reserved to the city council the authority to establish rates for the use of sewer systems. See A.C.A. § 14-235-223. Moreover, the legislature did not differentiate between rates for service and other types of rates, such as tapping and connection fees. See Op. Att'y Gen. No. 99-068.
Indeed the language of A.C.A. § 14-235-223 appears to indicate that all
rates related to the sewer system are to be established by the city council. That statute states in pertinent part:
 The council of the municipality shall have power, and it shall be its duty, by ordinance to establish and maintain just and equitable rates or charges for the use of and the service rendered by the works, to be paid by each user of the sewerage system of the municipality.
A.C.A. § 14-235-223(a)(1) (emphasis added).
There is no indication in this or any other state law that the legislature intended that rates for tapping and connection be established in a different manner than described in the section quoted above. Moreover, as explained in Opinion No. 97-150, the procedure for establishing the rates described in A.C.A. § 14-235-223 requires the passage of a city ordinance, which only the city council can do. See
A.C.A. §§ 14-43-502(a); 14-55-203(b). See also Satterfield v. Fewell,202 Ark. 67, 149 S.W.2d 949 (1941).
Accordingly, I must conclude that a municipal water and sewer commission does not have the authority to set tapping and connection fees for the municipal sewer system.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh